**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REYMUNDO MARQUEZ, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES LLC; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Reymundo Marquez, Jr. brings this action to secure redress from unlawful credit reporting practices of defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question) and 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3. Venue in this District is proper because each defendant is subject to jurisdiction here.

## PARTIES

4. Plaintiff Reymundo Marquez, Jr. is an individual who resides in Chicago, Illinois.

5. Defendant Experian is an Ohio corporation that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604. It operates a credit reporting agency.

6. Defendant Equifax is a limited liability company organized under Georgia law

that does business in Illinois. Its registered agent and office are Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703. It operates a credit reporting agency.

## FACTS

7. Each of the defendants has been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties. Plaintiff learned of this problem in January, 2014, when he applied for an automobile loan, and was required to pay a higher interest rate and obtain a cosigner because of the inaccuracies.

8. Equifax has been reporting on plaintiff's credit report at least the following accounts that do not belong to plaintiff:

a. One Chase Auto Finance account;

b. Two USA Funds accounts;

c. Eight U.S. Department of Education accounts;

d. Two Capital One accounts;

e. One Enhanced Acquisitions account;

f. One JP Morgan Chase account;

g. Two accounts of Midland Funding or Midland Credit Management;

h. One Cavalry Portfolio account;

i. A New York judgment.

9. Plaintiff has called and wrote to Equifax seeking correction of the problem on multiple occasions, beginning in February, 2014, including letters sent on September 11, 2014, October 23, 2014 and November 5, 2014.

10. The problem has not been corrected, as indicated by Equifax's recent November, 2014,dispute results, in which it refused to remove many of the disputed items. Equifax has also at times blocked plaintiff's access to his own credit report. Equifax has also refused to allow

plaintiff to sign up for its credit monitoring service, which he requested in order to monitor his credit file for more problems.

11. Experian has been reporting on plaintiff's credit report at least the following accounts that do not belong to plaintiff:

a. One Applied Bank account;

b. One Capital One account;

c. Two Chase accounts;

d. One Credit One Bank account;

e. Two USA Funds accounts;

f. Eight U. S. Department of Education accounts;

g. One Elan Financial account;

h. One Macy's account;

i. One Nissan Motor account;

j. One Round Two Recovery account;

k. Two Sallie Mae accounts;

l. One Vance and Huffman account.

12. Plaintiff has repeatedly called and written to Experian, starting in February, 2014, seeking correction of the problem, including letters sent on September 12,2014 and October 23, 2014.

13. The problem has not been corrected.

14. On information and belief, defendants are mixing plaintiff's credit file with the files of one or more other individuals with similar names, including at least one Raymond Marquez in New York. Plaintiff has never lived in New York, and has only lived in Texas and Illinois. Plaintiff told defendants about the fact that they were including information belonging to his father and brother on his reports, but defendants have refused to remove all of that information.

15. On information and belief, the reason is that defendants use algorithms to "match" information with consumers that do not require an exact match of name and Social Security numbers.

16. As a result, defendants regularly "mix" information belonging to one person with the files of other persons. This is a particular problem when dealing with persons with relatively common names.

17. There are more than 15 persons with similar names (Ray, Rey, Reymondo, Raymondo or Reymundo and Marquez) in Illinois and more than 20 in New York. These include plaintiff's brother and father.

18. Despite plaintiff's repeated and exhaustive efforts, defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate information and permanently unmix plaintiff's credit files.

19. As a result of defendants' failures, plaintiff has been damaged, in that:

a. He has spent time and money attempting to correct his credit; he is also paying for credit monitoring services from two credit bureaus in an attempt to monitor his reports for further errors.

b. He has suffered emotional distress, aggravation and stress;

c. His credit has been impaired, and he has been denied credit. In addition to being required to pay a higher interest rate and obtain a cosigner on his auto loan, plaintiff had a housing application denied in January, 2014, and was denied credit cards from Discover and Nordstroms.

**COUNT I – FCRA**

20. Plaintiff incorporates ¶¶1-20.

21. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, defendants are required

to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

22. The matching algorithms used by defendants do not comply with this standard.

23. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, defendants are required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

24. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

**(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.**

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

25. Defendants willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute, (b) failed to correct plaintiff's credit report, and (c) failed to use reasonable means to insure the accuracy of plaintiff's credit report.

26. Plaintiff contacted the New York court where the judgment Equifax is reporting and has verified as plaintiff's was entered and was informed by the court that the personal information connected to the judgment does not match his personal information. If equifax had conducted a reasonable investigation, it would have easily determined that the New York judgment does not belong to plaintiff.

27. Defendants violated 15 U.S.C. §1681n and/or §1681o.

28. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

29. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendants for:

a. Appropriate actual, punitive and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Daniel A. Edelman
Daniel A. Edelman

T:\30582\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Daniel A. Edelman
Daniel A. Edelman